**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN  DIVISION**

Daniel Follis )
 )
 )
 Plaintiff(s), )
 )
v. ) Case No. _____
 ) (to be assigned by Clerk of District Court)
David Steiner, Postmaster )
General, United States Postal )
Service )
 ) JURY TRIAL DEMANDED
 )
 ) YES ✓   NO☐
 )
Defendant(s).  (Enter above the full name(s) )
of all defendants in this lawsuit. Please )
attach additional sheets if necessary.) )

**EMPLOYMENT DISCRIMINATION COMPLAINT**

1.      This employment discrimination lawsuit is based on (check only those that  apply):

_____    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., for employment discrimination on the basis of race, color, religion, gender, or national origin. **NOTE**: *In order to bring suit in federal district court under Title VII, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq*., for employment discrimination on the basis of age (age 40 or older). **NOTE**: *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

_____    Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*., for employment discrimination on the basis of disability. **NOTE**: *In order to bring suit in federal district court under  the Americans with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

✓  Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

**NOTE**: *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office representative or agency*.

____  Other (Describe)

## PARTIES

2.  Plaintiff's name: Daniel Follis

Plaintiff's address: 3300 S Walnut Creek Pkwy, Apt K
    _____
    Street address or P.O. Box

    Raleigh, Wake County, NC 27606
    _____
    City/ County/ State/Zip Code

    314-718-4095
    _____
    Area code and telephone number

3.  Defendant's name: David Steiner, Postmaster General, USPS

Defendant's address: 475 L'Enfant Plaza SW
    _____
    Street address or P.O. Box

    Washington, D.C. 20260
    _____
    City/County/State/ Zip Code

    (202) 268-2000
    _____
    Area code and telephone number

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES, ADDRESSES AND TELEPHONE NUMBERS ON A SEPARATE SHEET OF PAPER.**

4.     If you are claiming that the discriminatory conduct occurred at a different location, please provide the following information:

| 11662 Gravois Rd | St.Louis | MO | 63126 |
|---|---|---|---|
| (Street Address) | (City/County) | (State) | (Zip Code) |

5.     When did the discrimination occur?  Please give the date or time period:

December 16, 2022 - April 4,2024

## ADMINISTRATIVE PROCEDURES

6.     Did you file a charge of discrimination against the defendant(s) with the Missouri Commission on Human Rights?

☐ Yes     Date filed: _____

☐ No

7.     Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

☑ Yes     Date filed: May 2, 2023

☐ No

8.     Have you received a Notice of Right-to-Sue Letter?

☑ Yes                    ☐ No

If yes, please attach a copy of the letter to this complaint.

9.     If you are claiming age discrimination, check one of the following:

_____60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

_____fewer than 60 days have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

3

## <u>NATURE OF THE CASE</u>

10.    The conduct complained of in this lawsuit involves (check only those that apply):

_____    failure to hire me

_____    termination of my employment

_____    failure to promote me

__✓__    failure to accommodate my disability

__✓__    terms and conditions of my employment differ from those of similar employees

__✓__    retaliation

__✓__    harassment

_____    other conduct (specify):

Did you complain about this same conduct in your charge of discrimination?

|✓| Yes                    |  | No

11.    I believe that I was discriminated against because of my (check all that apply):

_____    race

_____    religion

_____    national origin

_____    color

_____    gender

✓    disability

_____    age (birth year is:  _____ )

_____    other:

Did you state the same reason(s) in your charge of discrimination?

✓ Yes                    ☐ No

12.    State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful.  It is not necessary to make legal arguments, or to cite cases or statutes.

1. Plaintiff Daniel Follis was employed by the United States Postal Service as a city carrier at the Sappington Branch in St. Louis, Missouri.

2. Plaintiff has a disability consisting of anxiety and panic attacks, which was known to Defendant's managers and supervisors during the relevant time period.

3. Beginning on or about December 16, 2022, and continuing through at least March 30, 2023, a coworker, Brian Dudley, harassed Plaintiff on the workroom floor, including yelling at him, threatening him, and, during this same period, repeatedly making statements that he wanted Plaintiff to kill himself.

(Continue to page 6, if additional space is needed.)

5

4. Plaintiff and Dudley were both taken off the clock in connection with this threat and harassment.

5. Dudley also moved Plaintiff's letter case as part of this pattern of conduct.

6. Plaintiff reported the threats to the United States Postal Inspection Service. Postal Inspectors, and later local police when Plaintiff filed a police report, told Plaintiff that only one death threat had been received and characterized the matter as a 'he said, she said' situation.

7. Plaintiff did not learn until during the EEOC hearing process that a second, anonymous death threat concerning Plaintiff had in fact been submitted to the Postal Inspection Service, and had not been disclosed to him. On information and belief, this non-disclosure affected Plaintiff's ability to pursue safety and legal protections that would have been available to him had he known of the second threat at the time.

8. On January 10, 2023, Plaintiff was sent home from work.

9. On January 11, 2023, Plaintiff was informed he would need to be medically evaluated before returning to work.

(Attach additional sheets as necessary).

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

**EASTERN DIVISION**

Daniel Follis, Plaintiff, v. David Steiner, Postmaster General, United States Postal Service, Defendant.

Case No. _____ (to be assigned by Clerk of District Court)

**ADDITIONAL SHEET — CONTINUATION OF ANSWER TO QUESTION 12 (STATEMENT OF CLAIM)**

(Attached pursuant to the Complaint form's instruction: "Attach additional sheets as necessary." Continued from Question 12, Page 6 of the Complaint form.)

10. On January 12, 2023, Plaintiff sent emails to the District Manager and Postmaster raising his concerns and received no response.

11. On January 14, 2023, Plaintiff learned he had been charged Sick Leave for the time he was sent home.

12. On February 1, 2023, Plaintiff was informed he had limited access to the facility.

13. On February 6, 2023, management accused Plaintiff of having outbursts on the workroom floor.

14. On March 13, 2023, a manager mocked Plaintiff.

15. On March 20, 2023, a supervisor disclosed to Dudley — the same coworker who had been harassing and threatening Plaintiff — that Plaintiff was in therapy, without Plaintiff's authorization. This disclosure of confidential medical/mental-health information is addressed further in Count III below.

16. On March 30, 2023, Plaintiff was placed on Emergency Placement.

17. On May 12, 2023, Plaintiff was issued a 14-Day Suspension.

18. On May 8 and 9, 2023, Plaintiff's request for leave for a medical appointment was denied after management demanded his medical information.

19. On May 9, 2023, a supervisor took Plaintiff into the janitor's closet and held his quarterly attendance review there in the presence of a coworker.

20. Beginning on or about May 10, 2023, management refused to provide Plaintiff with contact information for local Human Resources and the Safety Office.

21. Throughout this period, management repeatedly called Plaintiff into undocumented meetings in the back office, characterizing his time on a rural route as 'undertime,' to question him about ordinary conversations with other employees. These undocumented meetings increased in frequency as Plaintiff's absences from work increased, which Plaintiff believes was a deliberate, targeted pattern of harassment designed to leave no paper trail.

22. On June 28, 2023, Plaintiff was given a Pre-Disciplinary Interview and told he could no longer go to his previously approved lunch location.

23. On July 15, 2023, a Supervisor of Customer Services singled Plaintiff out, argued with him about moving out of his case to listen to a service talk, and yelled at him.

24. On August 14 and 16, 2023, a Manager of Customer Services refused to speak with Plaintiff about his concerns regarding sick leave and leave without pay.

25. On August 29, 2023, September 19, 2023, and other dates, management questioned Plaintiff about his absences and demanded documentation.

26. On September 12, 2023, Plaintiff was again questioned about whether his home was an approved lunch stop and was told to submit another PS Form 1564-A after the prior form went missing from his route book.

27. Plaintiff filed a formal EEO complaint on May 2, 2023. He was never informed by any Postal Service employee of his right to a reasonable amount of official time to prepare his complaint and respond to agency and EEOC requests, as provided under 29 C.F.R. § 1614.605(b), until he received an email from Steven Schwartzman on June 6, 2024 — more than a year after he filed his complaint. On March 12, 2025, Plaintiff asked Mr. Schwartzman why this was the first time anyone from the Postal Service had informed him of this right; Plaintiff believes that had the process been handled fairly from the outset, he would have been made aware of this much sooner.

28. During the period he was attempting to prepare and pursue his EEO complaint, Plaintiff reached out to approximately 15 to 20 Postal Service employees across multiple departments seeking assistance and information.

29. On March 28, 2024, the incoming St. Louis Postmaster, Diana Nygaard, emailed Plaintiff promising to assign a full district team to investigate his concerns. On April 4, 2024, Ms. Nygaard emailed Plaintiff again to inform him she was leaving the St. Louis area. No district team investigation followed. Ms. Nygaard was the second St. Louis Postmaster to promise Plaintiff assistance and then leave the area shortly afterward, leaving Plaintiff again without the support that had been promised to him.

30. On March 5, 2024, Plaintiff met with a supervisor, Amber Williams, and told her he had reached his limit regarding a false claim a coworker, Sarah Macintosh, had made a few weeks earlier that Plaintiff had harmed his grandmother. Plaintiff did not identify Macintosh by name in this meeting. That same night, Plaintiff's family was contacted again by the Department of Missing Persons regarding a second, identical false claim. Plaintiff believes this was not a coincidence.

31. As a cumulative result of the conduct described above, Plaintiff was left to prepare and pursue a complex federal EEO case largely without assistance, without the official time he was entitled to, while continuing to work in and cope with a hostile environment. Plaintiff acknowledges that his complaint and hearing record may not have been as fully developed as they could have been, and states that this was a direct result of the Agency's failure to inform him of and provide him with the resources and time he was entitled to from the start of the process — not a reflection of the merits of his underlying claims.

13.     The acts set forth in paragraph 12 of this complaint:

☐ are still being committed by the defendant.

☐ are no longer being committed by the defendant.

☐ may still be being committed by the defendant.

## **REQUEST FOR RELIEF**

State briefly and exactly what you want the Court to do for you.  Make no legal arguments;

cite no cases or statutes.

```
Plaintiff requests that this Court: (a) find Defendant
discriminated against Plaintiff based on disability and
retaliated against him for EEO activity, in violation of the
Rehabilitation Act; (b) find Defendant unlawfully disclosed
Plaintiff's confidential medical information; (c) award
compensatory damages; (d) award back pay and lost benefits; (e)
award costs and fees; (f) grant other just relief.
```

14.     Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 26 day of July , 20 26 .

Signature of Plaintiff    /s/ Daniel Follis

Daniel Follis