**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DANIEL FOLLIS,          )
                               )
     Plaintiff,        )
                               )
     v.                   )       Case No. 4:26-cv-01186-JAR
                               )
DAVID STEINER,     )
                               )
     Defendant.     )

**MEMORANDUM AND ORDER**

This matter is before the Court for review of Plaintiff Daniel Follis's motion to proceed in this employment discrimination case without payment of the $405 filing fee. (ECF No. 2). For the reasons explained below, the Court will deny the motion and direct Plaintiff to pay the filing fee within 30 days. The Court will also deny Plaintiff's motion to appoint counsel, (ECF No. 3), without prejudice.

Congress requires federal district courts to collect a filing fee from a plaintiff instituting any civil action, suit, or proceeding.  28 U.S.C. § 1914.  But a court may authorize the plaintiff to institute a civil action without paying the filing fee, known as allowing the plaintiff to proceed *in forma pauperis*, when the plaintiff demonstrates his inability to pay. 28 U.S.C. § 1915(a)(1). The Supreme Court has found that a plaintiff can be granted leave to proceed *in forma pauperis* if he shows he cannot, because of his poverty, pay the costs of litigation and remain able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Proceeding *in forma pauperis* is a matter of privilege, not of right. *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).

In his motion, Plaintiff states he is employed, and he reports gross biweekly pay of $1,800 and take-home biweekly pay of $1,300. He states he has $2,200 in cash or in a checking or savings account, and owns a car worth $7,000. He reports regular monthly expenses of "[a]pproximately $2,000 per month total," and he reports having no dependents. (ECF No. 2 at 2). Based on the financial information Plaintiff has provided, the Court cannot say that Plaintiff has shown his inability to pay the $405 filing fee. Instead, it appears Plaintiff can pay the filing fee and remain able to provide for the necessities of life. The Court will deny his motion and order him to pay the statutory filing fee of $405 within thirty days.

Plaintiff has also filed a motion asking the Court to appoint counsel to represent him free of charge. (ECF No. 3). In support, he writes: "Early in the EEOC process, I retained and paid for legal help out of pocket, but received limited assistance given the complexity of the process, at significant cost to me. Combined with the ongoing toll of the harassment described in this case, I am not currently able to pay for further legal representation." *Id.* Plaintiff states he has "not yet contacted additional attorneys or legal aid organizations," but intends to do so. *Id.*

In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

Here, Plaintiff has not shown that he is indigent, and he has not shown he has "made diligent efforts to obtain legal counsel" as set forth in paragraph 3 of the motion. (ECF No. 3).

2

Additionally, there is no indication that the appointment of counsel would be of sufficient benefit to plaintiff and the Court. It appears this case is factually and legally straightforward, it seems clear that Plaintiff is well able to present his claims to the Court, and there is no indication that Plaintiff will have difficulty obtaining and presenting evidence. The Court will therefore deny the motion, but will do so without prejudice and will entertain future such motions if appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that, within 30 days of the date of this order, Plaintiff shall pay the statutory filing fee of $405. If Plaintiff fails to timely pay the fee, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

Dated this 28th day of July, 2026.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE

3